IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **TIFFANY WHALEY,** | * | |
| *Plaintiff*, | * | |
| v. | | |
| | * | **Civil Case No.: 1:24-CV-00519-JMC** |
| **PRIME CARE MEDICAL,** | * | |
| *Defendant.* | | |

\* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER GRANTING PLAINTIFF'S MOTION TO EXTEND DISCOVERY

Plaintiff, Tiffany Whaley, filed this lawsuit *pro se* against Defendant, Prime Medical Care, on January 29, 2024, alleging employment discrimination. (ECF No. 1). Currently before the Court is Plaintiff's Motion to Extend Discovery and Modify Scheduling Order, filed on August 26, 2024. (ECF No. 39). The Court has considered Defendant's Opposition to Plaintiff's motion, filed on August 29, 2024, and Plaintiff's subsequent Reply, filed on September 6, 2024. (ECF Nos. 40, 41). The issues have been fully briefed and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons set forth below, the Court shall GRANT Plaintiff's motion.

Judge Russell initially set a discovery deadline of September 19, 2024, for this case in his May 7, 2024, Proposed Scheduling Order. (ECF No. 22-1). At the request of Defendant, this deadline was extended to September 30, 2024, by Judge Russell on May 21, 2024. (ECF No. 28). Plaintiff now seeks a 30-day extension of the current discovery deadline to October 30, 2024. (ECF No. 39). Plaintiff contends that an extension is necessary due to scheduling conflicts resulting from the departure of an associate attorney and a vacation planned prior to counsel's entry of appearance in May 2024. (ECF No. 39). Defendant opposes the extension on the basis

1

that Plaintiff has not timely responded to discovery requests, has "faile[ed] to timely/properly prosecute the case[,]," and because an extension would prejudice Defendant. (ECF No. 40).

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). District Courts have broad discretion in managing the timing of discovery, and "the only formal limitation on this discretion with respect to consideration of motions to amend scheduling orders is that the moving party demonstrate good cause." *Innovative Therapies, Inc. v. Meents*, 302 F.R.D. 364, 382 (D. Md. 2014) (citing *Ardrey v. United Parcel Serv.*, 798 F.2d 679, 682 (4th Cir. 1986)). The good cause standard "is shown when the moving party demonstrates that the scheduling order deadlines cannot be met despite its diligent efforts." *Innovative Therapies, Inc. v. Meents*, 302 F.R.D. 364, 382 (D. Md. 2014) (citing *Potomac Elec. Power Co. v. Elec. Motor Supply, Inc.*, 190 F.R.D. 372, 375 (D. Md. 1999) (citations omitted)); *see also Norris v. PNC Bank, N.A.*, No. ELH-20-3315, 2021 WL 1294121, at *2 (D. Md. April 7, 2021).

The Court finds that Plaintiff has established good cause to extend the discovery deadline by 30 days. At the time of filing the Motion to Extend Discovery, Plaintiff's counsel of record had entered her appearance only three months earlier. (ECF No. 27). The Court is persuaded that, under these circumstances, the departure of an attorney assigned to the case, together with a pre-planned vacation, make the completion of discovery by the current deadline difficult despite diligent efforts. This is Plaintiff's first time seeking an extension of the scheduling order, and Plaintiff filed her motion for an extension prior to the expiration of the current deadline. *Compare Willes v. Wells Fargo Bank, N.A.*, No. CCB-12-137, 2015 WL 1237193, at *2 (explaining that the defendant's unexplained tardiness in filing his motion for an extension 6 months after the scheduled conclusion of discovery was "reason enough to justify denying his

motion"). Further, while Defendant contends generally that it will be prejudiced by an extension, Defendant has not identified any specific prejudice which will result from a 30-day extension of the discovery deadline.

For the reasons stated above, Plaintiff's Motion to Extend Discovery and Modify Scheduling Order (ECF No. 39) is GRANTED. Accordingly, it is hereby ORDERED that:

1) The parties shall complete discovery by October 30, 2024; and

2) The parties are directed to file a status report with the Court on October 30, 2024.

IT IS SO ORDERED.

Date: September 16, 2024

/s/
J. Mark Coulson
United States Magistrate Judge